[Civ. No. 343.   First Appellate District.—June 25, 1907.]

## C. H. FAIRCHILD, Respondent, v. WELLES WHITMORE, Appellant.

ACTION ON NOTE—COUNTERCLAIM—EVIDENCE—BILL AGAINST INSOLVENT CORPORATION.—In an action on a promissory note, where the defendant pleaded a counterclaim for services performed, evidence was admissible for plaintiff to show that a bill for the alleged services was presented against an insolvent corporation, for which the services were rendered, and not for the plaintiff.

ID.—EXPERT WITNESS FOR PLAINTIFF—VALUE OF DEFENDANT'S SERVICES. The expert evidence of an attorney at law, who was a witness for the plaintiff to testify to the value of defendant's services as an attorney at law, was properly admitted against defendant's objection.

ID.—SUPPORT OF VERDICT FOR PLAINTIFF.—*Held,* that the evidence was amply sufficient to support the verdict for plaintiff, and against the defendant.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.   S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, M. C. Chapman, and Howard J. Piersol, for Appellant.

William P. Hubbard, for Respondent.

KERRIGAN, J.—This is an action brought to recover upon a promissory note.   The defendant in his answer admitted the execution of the note, and set up in defense a counterclaim for services performed as an attorney and counselor at law. The jury brought in a verdict for the plaintiff, upon which judgment was entered.   This appeal is from the judgment and order denying defendant's motion for a new trial.

It is claimed that the trial court erroneously admitted in evidence a certified copy of the claim of the defendant presented to the referee in the matter of the Richards Pump Company, an insolvent debtor.   Among other items of services contained in this claim is the following: "Also services and preparation of papers in removal of two directors of said company" (Richards Pump Company).   The appellant supported by his own testimony all the items of his bill of particulars, except one, which reads: "Feb. 5, 1904, assisting Wm. P. Hubbard in removing John J. Meyers and C. H. Humphreys as directors of the Richards Pump Company, and electing C. H. Fairchild and H. J. Piersol in their place, $50."   This bill of particulars itself, however, was offered and read in evidence.   The claim was admitted to meet this item of the bill of particulars, and to show that the appellant for this service had presented a claim against the insolvent corporation.   It was respondent's theory that the services of appellant, for which the latter sought, by his counterclaim, to recover compensation, were rendered not for him but for the Richards Pump Company, insolvent.   This claim against that insolvent company, so far as that item was concerned, carried out this theory, and was clearly admissible.

It is also asserted that the court erred in overruling the objection of appellant to the testimony of C. H. Humphreys.

This witness was an attorney at law. In answer to a hypothetical question he testified as to the value of the services rendered by appellant. This and other instances, in which it is claimed the trial court erred in admitting evidence, are without merit.

The evidence was amply sufficient to support the verdict.

The bill of exceptions was originally settled upon stipulation of counsel by the judge before whom the case was tried. Subsequently, upon motion under section 473, Code of Civil Procedure, an amendment to the engrossed bill of exceptions was allowed and settled by the successor of the judge who presided at the trial. The judge who heard the cause was not requested to settle the amendment. It is the contention of the appellant that, until he was requested to do so and refused, his successor was without authority in the matter, and that the amendment must be disregarded. (Code Civ. Proc., sec. 653.) It is needless to pass on this question, for we have carefully examined the points discussed in the briefs without reference to the amendment, and from such examination we are satisfied that the judgment and order should be affirmed. It is so ordered.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1907.